252

Nedwidek *v.* Nedwidek, Appellant.

Argued November 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Wm. J. Graham,* with him *I. E. Binstock,* for appellant.

*James H. Brennan,* with him *T. Robert Brennan* and *Brennan & Brennan,* for appellee.

OPINION BY RHODES, P.J., January 20, 1953:

This is an appeal by the husband (defendant) from a decree of the Court of Common Pleas of Allegheny County granting to his wife (plaintiff) a divorce a

mensa et thoro on the ground of indignities to the person.

The parties were married on May 1, 1922. They have six children, three sons and three daughters. The three daughters live with plaintiff in Mt. Oliver and two of the sons reside with the defendant. The third son is in business in Pittsburgh where he lives.

The case was heard by Judge ADAMS, and his determination is entitled to the fullest consideration as he heard and saw the parties and their witnesses who appeared before him.

We are of the opinion from our independent examination of the record that the charge of indignities to the person of the plaintiff was established if she and her witnesses are believed. Defendant's testimony was more or less a blanket denial of all of plaintiff's charges. Two sons testified for him, and their testimony was likewise largely of a negative nature. Defendant testified as to his love and affection for his wife and children, and that he was an indulgent father and a most considerate husband. We are not inclined to accept this appraisal of his own virtues. We are convinced that he had a violent temper and a vicious disposition as shown by the testimony of the son who lives with neither of the parties, and who was a reluctant witness. Defendant's attitude toward his daughters is revealing as to his characteristics. He himself testified; "Well, they had to leave. I didn't want them home." Two of them, then sixteen and eighteen years of age, obtained employment in Pittsburgh, and paid their earnings to their father. He complains that they still owe him $273 rent for the apartment which they occupied. On one occasion he had the daughters arrested over financial matters.

The parties lived together in Allegheny County from the time of their marriage until 1935 when they moved

to an isolated section of Butler County where they resided until the final separation on July 8, 1949. On a previous occasion in 1946 plaintiff left defendant for a few months. The testimony of plaintiff and her witnesses establishes that defendant over the years treated his wife and family with contempt; that he habitually used profane and vile language toward plaintiff; that he threatened to kill her on several occasions; and that he frequently inflicted physical injury upon her. He was openly infatuated with his wife's sister. In his business transactions he seems to have used and signed the name of any member of his family that suited his convenience and purpose. He had little regard for the law or ordinary proprieties. Naturally he was involved in much litigation including actions for nonsupport. His disdain for plaintiff was manifested from the time of their marriage. He testified that he had an understanding with her when they got married. It was to the effect that she recognize his infallibility, that she humbly accept his commands, and that she surrender any equality in the marital status. Cf. *Trimbur v. Trimbur,* 171 Pa. Superior Ct. 541, 91 A. 2d 307.

It would serve no purpose to recite all the incidents that occurred during the married life of these parties, and which are set forth in the 419 pages of testimony. It suffices to say that there was a course of conduct on the part of defendant which obviously rendered the condition of plaintiff intolerable and her life burdensome. There was evidence from which an inference of settled hate and estrangement could be deduced. Defendant's conduct was humiliating, degrading and inconsistent with plaintiff's position and relation as a wife.

The court below pointed out that the only question involved was one of credibility, and that, if all of the

collateral issues were resolved in defendant's favor, the conviction would remain that plaintiff was the injured and innocent spouse. We agree with the court below.

The taking of testimony on the matter of alimony was deferred.

Decree is affirmed.